SEND

ENTER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

VIRGINIA BALLARD,                    )     No. CV 05-7254-RC
                                     )
          Plaintiff,                 )
                                     )     OPINION AND ORDER
     v.                              )
                                     )
MICHAEL J. ASTRUE,[1]                )
Commissioner of Social Security,     )
                                     )
          Defendant.                 )
_____)

     Plaintiff Virginia Ballard filed a complaint on December 30,
2005, seeking review of the Commissioner's decision denying her
application for disability benefits.  The Commissioner answered the
complaint on June 7, 2006, and the parties filed a joint stipulation
on July 19, 2006.


                            **BACKGROUND**

                                **I**

     On May 9, 2003, plaintiff applied for disability benefits under
the Supplemental Security Income program of Title XVI of the Act, 42

---

     [1]  Pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue
is substituted as the defendant in the action.

1  U.S.C. § 1382(a), claiming an inability to work since July 31, **1987**,
2  due to neck and back pain, leg weakness, high blood pressure, hand
3  numbness and mental problems.  Certified Administrative Record
4  ("A.R.") 52-64.  The plaintiff's application was initially denied on
5  October 22, 2003, and was again denied following reconsideration.
6  A.R. 28-38.  The plaintiff then requested an administrative hearing,
7  which was held before Administrative Law Judge Earl J. Watts ("the
8  ALJ") on October 13, 2004.  A.R. 41, 227-43.  On January 11, 2005, the
9  ALJ issued a decision finding plaintiff is not disabled.  A.R. 17-24.
10 The plaintiff appealed this decision to the Appeals Council, which
11 denied review on September 9, 2005.  A.R. 5-16.

12

13                                II

14     The plaintiff, who was born on August 1, 1952, is currently 54
15 years old.  A.R. 52, 230.  She has a high school education, has
16 received further training at Bryman Business College, and has
17 previously worked as a "nurse."  A.R. 71, 81-83, 230-31.  The
18 plaintiff has been diagnosed with insulin-dependent diabetes mellitus,
19 hypertension, hypothyroidism, back pain with severe degenerative
20 disease at L4-L5 and degenerative disc disease at L5-S1, and anemia,
21 among other conditions.  See A.R. 122-224.

22

23                            DISCUSSION
24                               III

25     The Court, pursuant to 42 U.S.C. § 405(g), has the authority to
26 review the Commissioner's decision denying plaintiff disability
27 benefits to determine if his findings are supported by substantial
28 evidence and whether the Commissioner used the proper legal standards

1   in reaching his decision.  Parra v. Astrue, 481 F.3d 742, 746 (9th

2   Cir. 2007); Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir.

3   2006).  "In determining whether the Commissioner's findings are

4   supported by substantial evidence, [this Court] must review the

5   administrative record as a whole, weighing both the evidence that

6   supports and the evidence that detracts from the Commissioner's

7   conclusion."  Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998);

8   Holohan v. Massanari, 246 F.3d 1195, 1201 (9th Cir. 2001).  "Where the

9   evidence can reasonably support either affirming or reversing the

10  decision, [this Court] may not substitute [its] judgment for that of

11  the Commissioner."  Parra, 481 F.3d at 746; Robbins, 466 F.3d at 882.

12

13      The claimant is "disabled" for the purpose of receiving benefits

14  under the Act if she is unable to engage in any substantial gainful

15  activity due to an impairment which has lasted, or is expected to

16  last, for a continuous period of at least twelve months.  42 U.S.C. §

17  1382c(a)(3)(A); 20 C.F.R. § 416.905(a).  "The claimant bears the

18  burden of establishing a prima facie case of disability."  Roberts v.

19  Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122

20  (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

21

22      The Commissioner has promulgated regulations establishing a five-

23  step sequential evaluation process for the ALJ to follow in a

24  disability case.  20 C.F.R. § 416.920.  In the **First Step**, the ALJ

25  must determine whether the claimant is currently engaged in

26  substantial gainful activity.  20 C.F.R. § 416.920(b).  If not, in the

27  **Second Step**, the ALJ must determine whether the claimant has a severe

28  impairment or combination of impairments significantly limiting her

from performing basic work activities.  20 C.F.R. § 416.920(c).  If
so, in the **Third Step**, the ALJ must determine whether the claimant has
an impairment or combination of impairments that meets or equals the
requirements of the Listing of Impairments ("Listing"), 20 C.F.R. §
404, Subpart P, App. 1.  20 C.F.R. § 416.920(d).  If not, in the
**Fourth Step**, the ALJ must determine whether the claimant has
sufficient residual functional capacity despite the impairment or
various limitations to perform her past work.  20 C.F.R. § 416.920(f).
If not, in **Step Five**, the burden shifts to the Commissioner to show
the claimant can perform other work that exists in significant numbers
in the national economy.  20 C.F.R. § 416.920(g).

Applying the five-step sequential evaluation process, the ALJ
found plaintiff has not engaged in substantial gainful activity since
May 9, 2003.  (Step One).  The ALJ then found plaintiff has lumbar
spine degenerative disc disease and diabetes mellitus, which are
severe impairments (Step Two); however, she does not have an
impairment or combination of impairments that meets or equals a
Listing.  (Step Three).  The ALJ next determined plaintiff is unable
to perform her past relevant work.  (Step Four).  Finally, the ALJ
concluded plaintiff can perform a significant number of jobs in the
national economy; therefore, she is not disabled.  (Step Five).

**IV**

A claimant's residual functional capacity ("RFC") is what she can
still do despite her physical, mental, nonexertional, and other
limitations.  Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001);
Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).  Here,

4

1   the ALJ found plaintiff has the RFC to perform light work.[2]  A.R. 23.

2   However, plaintiff contends this finding is not supported by

3   substantial evidence because the ALJ improperly found she was not a

4   credible witness.

5

6       The plaintiff testified she has insulin-dependent diabetes, high

7   blood pressure, hypothyroidism, anemia, chest pain, numbness in her

8   right arm and hand, her feet swell, and she experiences visual

9   problems related to her diabetes, including seeing "little roaches and

10  rats and stuff running around" on one occasion.  A.R. 231-39.  The

11  plaintiff also stated that when she wakes up in the morning, she

12  vomits and feels sweaty and dizzy.  A.R. 234.  Additionally, the

13  plaintiff previously indicated she has head, back, chest, stomach, arm

14  and leg pain, was in pain "all the time," and if she bends down, she

15  gets dizzy and falls, her back pops and she cannot stand up correctly.

16  A.R. 77, 95, 113.  The plaintiff also stated she cannot stand or walk

17  for long periods of time because of breathing problems and headaches

18  and back and knee pain, A.R. 80, and, generally, "cannot breathe or do

19  anything much at all."  A.R. 110.

20  //

21

22      [2]  Under Social Security regulations, "[l]ight work involves
    lifting no more than 20 pounds at a time with frequent lifting or
23  carrying of objects weighing up to 10 pounds.  Even though the
    weight lifted may be very little, a job is in this category when
24  it requires a good deal of walking or standing, or when it
    involves sitting most of the time with some pushing and pulling
25  of arm or leg controls.  To be considered capable of performing a
    full or wide range of light work, you must have the ability to do
26  substantially all of these activities."  20 C.F.R. § 416.967(b).
    "[T]he full range of light work requires standing or walking for
27  up to two-thirds of the workday."  Gallant v. Heckler, 753 F.2d
    1450, 1454 n.1 (9th Cir. 1984); SSR 83-10, 1983 WL 31251, *6.
28

5

1    Once a claimant has presented objective evidence she suffers from
2 an impairment that could cause pain or other nonexertional
3 limitations,[3] the ALJ may not discredit the claimant's testimony
4 "solely because the degree of pain alleged by the claimant is not
5 supported by objective medical evidence." Bunnell v. Sullivan, 947
6 F.2d 341, 347 (9th Cir. 1991) (en banc); Moisa v. Barnhart, 367 F.3d
7 882, 885 (9th Cir. 2004).  Thus, if the ALJ finds the claimant's
8 subjective complaints are not credible, he "'must provide specific,
9 cogent reasons for the disbelief.'" Greger v. Barnhart, 464 F.3d 968,
10 972 (9th Cir. 2006) (citations omitted); Moisa, 367 F.3d at 885.
11 Furthermore, if there is medical evidence establishing an objective
12 basis for some degree of pain and related symptoms, and no evidence
13 affirmatively suggesting that the claimant is malingering, the
14 Commissioner's reasons for rejecting the claimant's testimony must be
15 "clear and convincing." Morgan v. Comm'r of the Soc. Sec. Admin., 169
16 F.3d 595, 599 (9th Cir. 1999); Parra, 481 F.3d at 750 (9th Cir. 2007).
17
18    The ALJ found plaintiff was not credible for several reasons.
19 A.R. 22-23.  Initially, the ALJ noted "there is no indiction that the
20 claimant has sought or received more than minimal care for any of her
21 allegedly disabling symptoms." A.R. 22.  Here, with the exception of
22 a four-day hospital stay to treat plaintiff's diabetes mellitus, A.R.
23 207-08, plaintiff has received only conservative treatment for her
24 condition.  For instance, plaintiff's medical records reflect only
25

26    [3] "While most cases discuss excess pain testimony rather
27 than excess symptom testimony, rules developed to assure proper
consideration of excess pain apply equally to other medically
28 related symptoms." Swenson v. Sullivan, 876 F.2d 683, 687-88
(9th Cir. 1989).

occasional use of pain medication, and no surgery or physical therapy for her back and leg complaints, see, e.g., A.R. 128, 135-36, 144, 185, 198, 210; and plaintiff's anemia has been treated with iron pills and does not require any blood transfusions.  A.R. 165.  Therefore, this is an appropriate basis for the ALJ's negative credibility determination.[4]  See Parra, 481 F.3d at 751 ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment."); Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (Claimant's "claim that she experienced pain approaching the highest level imaginable was inconsistent with the 'minimal, conservative treatment' that she received.").

Additionally, the ALJ found plaintiff's "allegations regarding limitations . . . are not supported by the credible evidence of record"; rather, plaintiff's "medical records describe minimal findings" with regard to plaintiff's condition.  A.R. 22-23.  "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disability effects."  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); see also Burch v.

---

[4]  Contrary to plaintiff's suggestion, the ALJ did not find her not to be credible because she could not afford medical treatment, which clearly would have been improper.  See, e.g., Regennitter v. Commissioner of the Soc. Sec. Admin., 166 F.3d 1294, 1297 (9th Cir. 1999) ("[W]e have proscribed the rejection of a claimant's complaints for lack of treatment when the record establishes that the claimant could not afford it.").  Rather, the ALJ considered the medical treatment plaintiff received on a regular basis and found that such treatment was conservative and did not support plaintiff's myriad complaints.

1   Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical

2   evidence cannot form the sole basis for discounting pain testimony, it

3   is a factor that the ALJ can consider in his credibility analysis.").

4   Here, the ALJ could properly reject plaintiff's claim she cannot "do

5   anything much at all" when no physician opined plaintiff is disabled.[5]

6   _____

7       [5]   The ALJ also found plaintiff "reported that she was able
    to do chores and visit with family in May 2003 (Exhibit B-3B)
8   and, although her medical records document no worsening in her
    condition over time, by April 2004 she claimed that she could not
9   do much of anything (Exhibit B-12E)." A.R. 22.  This finding is
    based on a misreading of the record and is not supported by
10  substantial evidence.  Rather, in a daily activities
    questionnaire completed May 9, 2003, plaintiff responded to a
11  question about the household chores she is able to do by
    indicating she has someone (presumably her daughter-in-law) who
12  picks up her laundry and does it for her.  A.R. 78.  She also
    stated that approximately once a month she goes shopping with her
13  son and daughter-in-law, who generally do the shopping for her.
    Id.  Additionally, plaintiff indicated her children and grand-
14  children visit her for about an hour a day after school.  A.R.
    79.  Because "many home activities are not easily transferable to
15  what may be the more grueling environment of the workplace," Fair
    v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989), to base a negative
16  credibility determination on a claimant's daily activities, the
    ALJ must find the claimant "'is able to spend a substantial part
17  of [his] day engaged in pursuits involving the performance of
    physical functions that are transferable to a work setting.
18  . . .'" Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001)
    (quoting Morgan, 169 F.3d at 600; emphasis in original).  Here,
19  plaintiff's limited daily activities are not a ground to support
    a negative credibility determination.  See Benecke v. Barnhart,
20  379 F.3d 587, 594 (9th Cir. 2004) (ALJ erred in relying on
    claimant's daily activities to discredit her pain testimony when
21  such activities were "quite limited and carried out with
    difficulty."); Vertigan, 260 F.3d at 1049-50 (claimant's ability
22  to go grocery shopping with assistance, walk approximately an
    hour in the malls, get together with her friends, play cards,
23  swim, watch television, read, take physical therapy, and exercise
    at home did not constitute a clear and convincing reason for
24  rejecting her pain testimony).  Nor were plaintiff's May 2003
    statements inconsistent with her April 14, 2004 statement that
25  she cannot "do anything much at all."

1  See <u>Matthews v. Shalala</u>, 10 F.3d 678, 680 (9th Cir. 1995) (substantial

2  evidence supported finding claimant could do narrow range of medium

3  work where no examining physician opined claimant is totally

4  disabled); <u>Harper v. Sullivan</u>, 887 F.2d 92, 96-97 (5th Cir. 1989)

5  (substantial evidence supports ALJ's determination claimant's

6  complaints were not credible when "[n]o physician stated that [the

7  claimant] was physically disabled").

8

9      Thus, "[b]ecause the ALJ stated specific reasons for rejecting

10 [plaintiff's] subjective pain testimony which are supported by the

11 record, the Commissioner did not err by rejecting [plaintiff's]

12 subjective pain testimony."  <u>Macri v. Chater</u>, 93 F.3d 540, 544 (9th

13 Cir. 1996).

14

15                                  **ORDER**

16     IT IS ORDERED that: (1) plaintiff's request for relief is denied;

17 and (2) the Commissioner's decision is affirmed, and Judgment shall be

18 entered in favor of defendant.

19

20 DATE:  <u>   June 14, 2007   </u>        <u>  /s/ Rosalyn M. Chapman   </u>
                                       ROSALYN M. CHAPMAN
21                                     UNITED STATES MAGISTRATE JUDGE

22 R&R-05\05-7254.mdo
   6/14/07

23

24

25

26

27

28